IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JOHNNIE M. KITCHEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 1:03-CV-8-1 (WLS) |
| | : | |
| CARL HUMPHREY, CHARLES HILL, | : | |
| JUSTIN PRIETZ, ALFRED SPEARS, | : | |
| DERRICK SPEAR, JOHN DOE I AND | : | |
| JOHN DOE II, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Presently pending before the Court is Defendant Justin Prietz's Motion to Dismiss. (Doc. No. 41). Defendant Justin Prietz moves to dismiss himself as a Defendant in the instant action. (Doc. No. 41). Defendant states that he "was listed on the original petition by misidentification." *Id.* In response, Plaintiff does not oppose Defendant's dismissal "so long as Justin Prietz submits an affidavit attesting to his lack of involvement in the conduct upon which Plaintiff's allegations in this case are based." (Doc. No. 62). In its order dated March 29, 2005, the Court ordered Defendant Justin Prietz to make a factual showing as to why the Court should dismiss him from the case. Specifically, the Court ordered Defendant Prietz to file an affidavit in adherence to FED. R. CIV. P. 11 to include the following declarations under oath: (1) Defendant had no role or involvement in the cell assignment, transfer or placement of either Damon Lee or Leon Murphy within J-Building of Autry State Prison at any time on February 6 and 7, 2002, (2) Defendant's location and assignment within Autry State Prison on February 6 and 7, 2002, (3) Defendant was not responsible or involved in the events surrounding the murder of Damon Lee, and (4) Defendant cannot otherwise provide any information to Plaintiff

1

by way of deposition regarding Plaintiff's claims.  In response, Plaintiff does not object to the dismissal of Defendant Justin Prietz so long as he submits the aforementioned affidavit attesting to his lack of involvement in the conduct upon which Plaintiff's allegations are based.

Defendant has provided the Court with an affidavit stating that Defendant: did not transfer, assign or place Damon Lee and Leon Murphy together in the same cell; did not authorize the transfer, assignment or placement of Damon Lee and Leon Murphy together in the same cell; had no actual knowledge of any threat to Damon Lee from Leon Murphy; was not deliberately indifferent to the safety of Damon Lee; did not cause, create, authorize, condone, ratify, approve or knowingly acquiesce in any unconstitutional customs and practices that presented a danger to Damon Lee personally; was not responsible for or involved in any of the conduct alleged by Plaintiff; and was not assigned to work in J-Building on February 6 or 7, 2002.  Accordingly, Defendant Justin Prietz's Motion to Dismiss (Doc. No. 41) is **GRANTED.** Defendant Justin Prietz is dismissed from the instant action.

**SO ORDERED,** this  19th  day of August, 2005.


  /s/W. Louis Sands
**W. Louis Sands, Chief Judge**
**United States District Court**