**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| JOHNNIE M. KITCHEN, : : Plaintiff : : v. : 1:03-cv-008 (WLS) : CARL HUMPHREY, CHARLIE HILL : JASON PRIETZ, JUSTIN PRIETZ, : ALFRED FAVORS, DERRICK SPEAR : JOHN DOE I, and JOHN DOE II, : : Defendants : | |

## ORDER

Before the Court are Plaintiff's Motion for Scheduling of Briefing and Hearing on Sanctions (Doc. 94), Plaintiff's Motion for Protective Order (Doc. 99), Defendant Jason Prietz's Motion to Compel (Doc. 104), and Defendant Jason Prietz's Motion to Produce Records of Satilla Community Services for In Camera Inspection. (Doc. 105).

For the following reasons, Plaintiff's Motion for Scheduling of Briefing and Hearing on Sanctions (Doc. 94) is **GRANTED**; Plaintiff's Motion for Protective Order (Doc. 99) is **GRANTED-IN-PART** and **DENIED-IN-PART**; Defendant Jason Prietz's Motion to Compel (Doc. 104) is **GRANTED**; and Defendant Jason Prietz's Motion to Produce Records of Satilla Community Services for In Camera Inspection (Doc. 105) is **DENIED**.

## BACKGROUND

The above-captioned action is a civil rights case filed in the United States District Court for the Middle District of Georgia on January 16, 2003 by Plaintiff against Defendants Warden Carl Humphrey ("Defendant Humphrey"), Lieutenant Derrick Spear ("Defendant Spear"), Sergeant Alfred Favors ("Defendant Favors"), and Correctional Officers Charlie Hill ("Defendant Hill"), Jason Prietz ("Defendant Jason Prietz"), Justin Prietz ("Defendant Justin Prietz"), John Doe I ("Defendant John Doe I"), and John Doe II ("Defendant John Doe II") pursuant to 42 U.S.C. § 1983 for the alleged wrongful death of her son, Damon T. Lee, a

1

deceased inmate who was allegedly beaten to death by his cellmate Leon Murphy while imprisoned in the administrative segregation unit at Jimmy Autry State Prison, Pelham, Georgia ("Autry Prison"). (*See* Doc. 12).[1] Plaintiff seeks compensatory and punitive damages and attorneys' fees against Defendants for Defendants' alleged indifference in the February 7, 2002 assault and death of Mr. Lee. *Id*.

## JURISDICTION and VENUE

The Court exercises subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) as Plaintiff seeks redress for violations of the Eighth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983. *Id*. This Court is the proper venue for the instant action under 28 U.S.C. § 1391(b)(1), (2) because at least one Defendant resides in the Middle District of Georgia, Albany Division; and furthermore, a substantial part of the events or omissions giving rise to the instant claims occurred within the same district and division. *Id., see also* 28 U.S.C. § 90(b)(5).

## ANALYSIS

**I.    Plaintiff's Motion for Scheduling of Briefing and Hearing on Sanctions**

In its March 29, 2005 Order, the Court granted Plaintiff's Motion for Sanctions against Defendant Humphrey and his attorney (Doc. 33) finding that "Defendant utterly failed to adequately and fully respond to Plaintiff's discovery requests[,] Plaintiff's motion to compel[,] or otherwise provide a valid or sufficient reason for Defendant's dilatory conduct." (Doc. 91). In the Order, the Court stated that it would "set by separate order further briefing and hearing to determine the appropriate sanctions against Defendant." *Id*. By the same Order, the Court granted Plaintiff's Motion to Compel (Doc. 33), specifically ordering and directing Defendant "to produce <u>all requested documents</u>, <u>including requested documents</u> in his possession or control or <u>which are accessible to him</u> in his capacity as Warden of the institution for Plaintiff's review...in accordance with the Federal Rules of Civil Procedure and in compliance with [the March 29,

---

[1]    By court order dated August 22, 2005, Defendant Justin Prietz was dismissed from the instant action. (Doc. 107).

2

2005 Order] no later than ten (10) days of the filing of this Order." *Id*. (emphasis added).[2]

On April 8, 2005, ten days after the filing of the March 29, 2005 Order, Defendant Humphrey submitted his response to the Court's Order. (Doc. 93). In direct contravention to the Court's Order, Defendant Humphrey did not include the compelled information. Instead, Defendant Humphrey reiterated previously-made arguments that he has adequately answered and produced to respond to the above-referenced interrogatory and request for production. (*See generally* Doc. 93). The Court continues to find it "unreasonable to believe that Defendant [was] validly unwilling or could not identify the prison offical(s) responsible for placing Leon Murphy in a cell with [Mr. Lee] since such information is required by law to be within the custody and control of Defendant [Humphrey]." (Doc. 91). Defendant Humphrey's purported inability to recover relevant personnel assignment information or to "identify precisely why there is no move slip for Leon Murphy being placed into the cell with Damon Lee" or that other relevant information or documentation is unavailable to him to make a full response is an insufficient response or justification for failing to comply with this Court's Order. (*See* Doc. 93). Defendant's noncompliance is further exacerbated upon consideration that such documentation

---

[2] Specifically, the Court compelled Defendant to file complete responsive answers or full production to Plaintiff's Interrogatory No. 6 and Plaintiff's Request for Production No. 8:

> Plaintiff's Interrogatory No. 6 requested Defendant Humphrey to:
> [i]dentify each and every employee and officer on duty at Autry Prison on February 7, 2002, including, but not limited to, correctional officers and infirmary staff, and for each employee or officer identified, state with specificity (as that term is defined in the Definitions above) that person's role or involvement in the events surrounding the Assault, the employee's and officers' locations and assignments within Autry State Prison on February 6 and 7, 2002, any actions taken by Autry Prison or the Georgia DOC against such person since the Assault, and each identified person's current contact information. (Doc. 34, Exhibit B, *see also* Docs. 33, 91).

> Plaintiff's Request for Production No. 8 requested that Defendant Humphrey produce:
> [a]ll documents identifying, referring, or relating to all employees, including, but not limited to, correctional officers and infirmary staff, on duty at Autry Prison on February 6 and 7, 2002, including, but not limited to, staff rosters, actual staffing on the day of the Assault, the employees' locations and assignments with the prison on February 6 and 7, 2002, and each identified employee's current contact information. (Doc. 34, Exhibit C, *see also* Docs. 33, 91).

and related documents and information in question are essential to the orderly management of the prison; and are produced, utilized, and archived in the normal course of operations.

As the Court noted previously, Defendant Humphrey is in the executive in charge of Autry Prison and <u>necessarily</u> has access to identification information including, but certainly not limited to, assignments, duty rosters, move slips, reviews, payroll, personnel, and disciplinary reports. *Id*. Defendant has not produced sufficient evidence, response, or explanation to support a finding that he is precluded from obtaining the compelled information through ordinary or alternate means such that he may be excused from production or otherwise fully responding.

In light of Defendant Humphrey's continued failure to fully and adequately respond to Plaintiff's discovery requests and his more recent failure to comply with this Court's Order, the Court finds said failure to be willful and **REAFFIRMS** its March 29, 2005 Order granting Plaintiff's Motion to Compel and for Sanctions. (*See* Docs. 33, 91). The Court, therefore **GRANTS** Plaintiff's Motion for Scheduling of Briefing and Hearing on Sanctions. (Doc. 94).

Accordingly, Plaintiff is **ORDERED** to submit a brief addressing the type and form of proposed sanctions **within fourteen (14) days of this Order**. Thereafter, Defendant is **ORDERED** to submit a responsive brief **within fourteen (14) days** after being served with Plaintiff's submission. Plaintiff may submit a reply to Defendant's response **seven (7) days thereafter**. The parties are specifically advised that the Court does not by ordering said briefing limit its discretion in ultimately determining the appropriate sanctions. Additionally, Defendant Humphrey and counsel are ordered to appear before this Court at C.B. King United States Courthouse, 201 W. Broad Ave., Albany, GA on **Monday, May 22, 2006 at 10:00 A.M.** for a hearing on sanctions.

II.     **Plaintiff's Motion for Protective Order and Defendants' Motion to Compel**

Plaintiff moves the Court pursuant to Fed. R. Civ. P. 26(c) for a protective order "clarifying that [Defendants Humphrey, Favors, Spear, and Jason Prietz] are not entitled to conduct discovery beyond the already expired discovery deadline in this case." (Doc. 99). Specifically, Plaintiff asks the Court to protect her from written discovery requests first served on Plaintiff on November 30, 2004 and again on May 24, 2005. (*See* Docs. 99; 102, Exhs. A, D).

Alternately, Defendants move the Court to compel Plaintiff to respond to the same. (Doc. 104).

On or about November 29, 2004, Plaintiff's counsel received the written discovery requests at issue. (*See* Docs. 99, 100, 102). Upon the belief that the close of the then-extended fact discovery period ended on November 30, 2004 with close of discovery terminating on January 31, 2005, Plaintiff's counsel issued a series of letters on December 3, 2004 indicating her position that the requests at issue were untimely and improper. (Doc. 102, Exh. B). On December 10, 2004, Defendants' counsel responded with a letter disagreeing with Plaintiff's position, arguing that Plaintiff's position was erroneously based in reliance on local procedural rules of other courts. (Doc. 102, Exh. C). Defendants further indicated that they expected Plaintiff to respond to the written discovery requests. *Id*.

In its March 29, 2005 Order, the Court affirmed that the then-discovery deadline was January 31, 2005. (Doc. 91; *see also* Doc. 38). The Order made no reference to the close of the then-existing fact discovery period. *Id*.   By the same Order, the Court extended the discovery deadline for ninety (90) days following Defendants' filing of unrelated compelled discovery responses for the express and limited purposes of allowing: 1) Defendant to file said responses; and 2) Plaintiff to depose witnesses identified in the responses, if so desired. (Doc. 91). Defendants filed their responses to the compelled requests on April 8, 2005. (Doc. 93). Thereafter, Defendants re-served their written discovery requests of November 2004 on Plaintiff. (*See* Doc. 102, Exh. D).

Plaintiff contends the written requests are untimely and improper as initially submitted because they were not filed more than thirty days prior to the close of discovery; and as later submitted because the discovery period was extended for the aforementioned limited purpose. (*See* Docs. 99, 101). Defendants argue the requests were timely and proper as initially submitted because even if the fact-discovery period ended on November 30, 2004, the requests were submitted within the thirty-day period; and as later submitted under the belief that the Court's March 29, 2005 extension of the discovery period was not a limited one. (Doc. 100).

Generally, discovery requests served more than thirty (30) days of the close of discovery

5

are timely under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 34(b), 36(a). Defendant Jason Prietz' written discovery requests were initially served on Plaintiff no later than November 30, 2005.  (*See supra* Doc. 102, Exhs. A-C).  The then-extended discovery period ended on January 31, 2005.  (*See supra* Docs. 38, 91).   As initially served, the requests at issue were timely and could have been responded to appropriately during the then-extended discovery period.   The requests as resubmitted are not timely and are improper, as they were submitted in contravention of the Court's limited extension of the discovery period.  The Court notes, however, that said requests would not have been resubmitted absent the apparent confusion surrounding their timeliness when originally served.

Therefore, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's Motion for Protective Order. (Doc. 99); and **GRANTS**-**IN-PART** and **DENIES-IN-PART** Defendants' Motion to Compel (Doc. 104).   Specifically, Defendant is **PERMITTED** to re-serve Plaintiff with copies of "Defendant Jason Prietz' First Interrogatories to Plaintiff" and "Defendant Jason Prietz' First Request for Production of Documents to Plaintiff" (Doc. 102, Exh. A) **within ten (10) days of this Order**.  Thereafter, Plaintiff is **ORDERED** to produce the requested responses and documents in accordance with the Federal Rules of Civil Procedure and this Order **within ten (10) days**.   Thereafter, if desired, Defendants may depose only those witnesses identified in Plaintiff's responses and who have not been previously deposed or noticed for deposition. **Defendants may initiate no further or additional discovery**.

The Court further finds that Plaintiff's nondisclosure, responses, and objections to production were substantially justified given the apparent confusion surrounding the timeliness of the subject discovery requests such that an award of sanctions in favor of Defendants in connection with the instant motion would be unjust. *See* Fed. R. Civ. P. 37(a)(4)(A).  Therefore, the Court finds that Defendants may not obtain sanctions against Plaintiff in connection with the Court's granting of the instant motion in favor of Defendants.

**III.   Defendant Jason Prietz's Motion to Produce Records of Satilla Community Services for In Camera Inspection**

Pursuant to Fed. R. Civ. P. 34, 37, Defendant Jason Prietz moves the Court to compel

production of records of Satilla Community Services ("Satilla") for in camera inspection. (Doc. 105). Defendant Jason Prietz served the Daisy Youth Clinic with a subpoena for any and all records pertaining to Mr. Lee. (Doc. 105, Exh. A). On behalf of Daisy Youth Clinic, Satilla responded, declining to produce the records as they allegedly contain mental health or otherwise privileged information.  (Doc. 105).

Defendant Jason Prietz argues the records at issue should be produced so that he may verify the nature and extent of medical and other services Mr. Lee received, and the reasons for same." (Doc. 105). Defendant Jason Prietz further contends that "the records are directly relevant to [P]laintiff's allegations of damages [for wrongful death of her son] in that they concern medical and other services Mr. Lee received during his life." *Id*. Under Georgia law, the measure of recovery for the wrongful death of a child is the full value of said child's life. *See* O.C.G.A. §§ 19-7-1, 51-4-4. Defendant Jason Prietz contends that the records at issue specifically concern the deceased's health, habits, surroundings and/or method of living, all of which are factors that may be considered by a fact finder on the issue of the full value of the decedent's life under Georgia law, and as such should be produced. *See* O.C.G.A. § 51-12-4.

The Court notes that proceedings in vindication of federal civil rights, such as this one, are governed by federal rules of civil procedure and evidence. State laws governing remedies and evidence are applied in such proceedings <u>only</u> when federal laws governing the same "are deficient in the provisions necessary to furnish suitable remedies." 42 U.S.C. § 1988(a) (2006) (emphasis added); *see also* Fed. R. Evid. 501. There is no indication based on the facts alleged that suggest a finding that federal rules of civil procedure and evidence and federal laws governing remedies are deficient in the provisions necessary to furnish suitable remedies in this case. Accordingly, federal rules of civil procedure and evidence will continue to govern this case.

Generally, "[p]arties may obtain discovery regarding <u>any matter, not privileged</u>, that is relevant to the claim or defense of any party...[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1) (emphasis added). Confidential communications between a psychotherapist (or a licensed social

7

worker) and his patient are protected from compelled disclosure by the federal psychotherapist-patient privilege.  Fed. R. Evid. 501; *see, e.g.*, Jaffee v. Redmond, 518 U.S. 1, 10 (1996).  The psychotherapist-patient privilege "promotes sufficiently important interests to outweigh the need for probative evidence."  Jaffee, 518 U.S. at 15.  Production of evidence protected by such a privilege may not be compelled even for in camera review because such a review would necessarily eviscerate the effectiveness of the privilege.  *Id*. at 17-18 (*citing* Upjohn Co. v. U.S., 449 U.S. 383, 393 (1981)).

Here, the evidence requested consist of mental health records protected by the federal psychotherapist-patient privilege.  Accordingly, the Court may not compel its production even for an in camera hearing.  Defendant Justin Prietz's Motion to Produce Records of Satilla Community Services for In Camera Inspection (Doc. 105) is therefore **DENIED**.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion for Scheduling of Briefing and Hearing on Sanctions (Doc. 94) is **GRANTED**; Plaintiff's Motion for Protective Order (Doc. 99) is **GRANTED-IN-PART** and **DENIED-IN-PART**; Defendant Jason Prietz's Motion to Compel (Doc. 104) is **GRANTED**; and Defendant Jason Prietz's Motion to Produce Records of Satilla Community Services for In Camera Inspection (Doc. 105) is **DENIED**.

Accordingly:

1. Plaintiff is **ORDERED** to submit her brief addressing the type and form of proposed sanctions **within fourteen (14) days of this Order**.  Thereafter, Defendant is **ORDERED** to submit a responsive brief **within fourteen (14) days** after being served with Plaintiff's brief.  Plaintiff may submit a reply to Defendant's response **seven (7) days thereafter**. The parties are specifically advised that the Court does not by ordering said briefing limit its discretion in ultimately determining the appropriate sanctions.   Additionally, Defendant Humphrey and counsel are ordered to appear before this Court at C.B. King United States Courthouse, 201 W. Broad Ave., Albany, GA on **Monday, May 22, 2006 at 10:00 A.M.** for a hearing on sanctions.

2. Defendant is **PERMITTED** to re-serve Plaintiff with copies of "Defendant Jason Prietz' First Interrogatories to Plaintiff" and "Defendant Jason Prietz' First Request for Production of Documents to Plaintiff" (Doc. 102, Exh. A) in the form and substance as initially presented **within ten (10) days of this Order**. Thereafter, Plaintiff is **ORDERED** to produce the requested responses and documents in accordance with the Federal Rules of Civil Procedure and this Order **within ten (10) days of service of said discovery requests**. Thereafter, if desired, Defendants may depose only those witnesses identified in Plaintiff's responses or productions and who have not been previously deposed or noticed for deposition. **Defendants may initiate no further or additional discovery**.

3. Plaintiff is not compelled to produce requested mental health records.

**SO ORDERED**, this   30th   day of March, 2006.

                                               /s/W. Louis Sands
                                               **W. LOUIS SANDS, CHIEF JUDGE**
                                               **UNITED STATES DISTRICT COURT**